I iBARRY, Judge,
dissenting with reasons.
Petitioner failed to prove by clear and convincing evidence grounds for commitment. Although I concur in the majority’s statement of the law, the State did not sustain its burden of proof. I respectfully dissent.
Petitioner did not prove by clear and convincing evidence that the respondent is dangerous to himself or to others under LSA-R.S. 28:2(3) and (4). Dr. Franklin testified that H.W. is a “potential danger” to others based on two psychotic episodes, but Dr. Franklin said that “right at this moment he is probably not a danger to others.” Dr. Franklin did not know “whether there was a feeling of a threatening nature” during the most recent psychotic episode, but stated that H.W. did not threaten anyone nor was anyone injured. H.W.’s mother testified that he does not threaten others nor has he hurt himself or others.
The record contains no evidence of behavior, or significant threats, which support a reasonable expectation that there is a substantial risk that H.W. will inflict harm to another in the near future or inflict harm upon himself. The Department failed to prove the elements of R.S. 28:2(3) and (4) by clear and convincing evidence.
The State did not prove the second element of “gravely disabled” under LSA-R.S. 28:2(10), i.e., that H.W. is unable to survive safely in freedom or protect himself from serious harm. Dr. Franklin did not expect H.W. to take ^medication upon discharge. H.W. had been completely compliant with his medications at the time of the hearing and he said that he would continue taking medication because it was not harmful. H.W. agreed to engage in outpatient service.
H.W.’s mother testified that he can dress, bathe and feed himself, that he has a key to his parents’ house and can come and go at will. She noticed improvement in H.W.’s condition since his admission because he “talks better to (her).” She testified that H.W. can continue living with his parents.
*230 Dr. Franklin is not aware of H.W. acting on his delusions of wealth. That was corroborated by H.W.’s mother, who testified that he does not work but he has not incurred substantial debt. Dr. Franklin stated that H.W. was adequately nourished when admitted.
I3BYRNES, J., dissents with the reasons assigned by BARRY, J.